## KNIGHT ET AL. v. BECKWITH COMMERCIAL CO.

HUSBAND AND WIFE— PLEDGE BY HUSBAND OF WIFE'S GOODS—
    CONTRACTS — AGENCY — PERSONAL PROPERTY — WAREHOUSE-
    MEN — LIEN — REPLEVIN.

1.  A husband has no authority, without the consent of his
    wife, to pledge her personal property which she owned before
    marriage, as security for an indebtedness of his own.

2.  The business of a mercantile company, not including gen-
    erally the storing and caring for property of others, an agree-
    ment of the manager of the company's store to keep certain
    personal property of another in the storeroom of the company,
    without compensation therefor, being completely executed
    on the part of the company, the latter has no right to retain
    the goods and refuse to return them upon demand unless a
    storage fee is paid.

3.  Defendant, a mercantile company, having through its reg-
    ular agent invited plaintiff to intrust her goods to it, to be
    stored at defendant's place of business without charge;
    whether or not the agent was either expressly or impliedly
    authorized to make such a promise or agreement, or whether
    or not his superior officers were acquainted with the facts
    respecting the agreement, the contract not having been dis-
    avowed before demand made for the goods; the defendant
    is not entitled to hold the goods until payment of a storage
    fee.

4.  A contract to keep and care for goods of another without
    charge is not unconscionable, because there is no limit as
    to time.   It is capable of being terminated at any time upon
    notice.

5.  A mercantile corporation whose regular business does not
    include that of warehouseman, will, nevertheless, in case it
    should provide storage for the goods of another under such
    circumstances as to entitle it to compensation therefor have
    a lien upon the stored property for its proper charges, under
    the provisions of Section 1471 of the Rev. Stat. of 1887.

6.  Where plaintiff voluntarily left certain goods with de-
    fendant to be kept without charge, and the latter wrongly
    refused to return them upon demand unless compensation is
    paid for storage; in an action of replevin to recover the goods,
    commenced shortly after such refusal, the plaintiff is not en-

titled to recover counsel fees and other expenses alleged to
have been incurred by reason of defendant's refusal to return
the goods, the detention by defendant not being accompanied
by any such outrage or bad faith as would authorize exem-
plary damages.

[Decided December 12, 1896. Commenced in the District Court
    May 25, 1895.

ERROR to the District Court of Sweetwater County,
HON. JESSE KNIGHT, Judge.

Replevin action brought by Hattie J. Knight against
the Beckwith Commercial Company, to recover the pos-
session of certain goods and chattels. The issues pre-
sented by the pleadings, and the material facts are stated
in the opinion. The statute under which defendant
claimed a storage lien is as follows:

"Every common carrier of goods or passengers who
shall, at the request of the owner of any personal goods,
carry, convey, or transport the same from one place to
another, and any warehouseman or other person who shall
safely keep or store any personal property at the request
of the owner or person lawfully in possession thereof,
shall, in like manner, have a lien upon all such personal
property, for his reasonable charges for the transportation,
storage, or keeping thereof, and for all reasonable and
proper advances made thereon by him in accordance with
the usage and custom of common carriers and ware-
housemen."

Judgment was rendered against the plaintiff and her
surety for damages, and costs, and they prosecuted error.

*E. F. Enterline*, for plaintiffs in error.

Counsel fees may, in replevin, be included in esti-
mating the damages of the plaintiff when the detention is
wilful. (Cobbey on Replevin, Secs. 920, 976; Parroski
v. Goldberg, 80 Wis., 339; 3 Suth. on Dam., Sec. 1130.)
The testimony as to expenses incurred by the plaintiff, in-
cluding counsel fees, on account of defendant's refusal to

return the goods upon demand, was admissible as a basis upon which to estimate punitive or exemplary damages. (5 Ency. L., 21, 22; Cobbey on Replevin, Secs. 924–928; Winstead v. Hulme, 32 Kan., 568; Bruce v. Learned, 4 Mass., 614; 3 Suth. on Dam., Secs. 1131, 1145.)

By pleading that the goods were delivered to it by plaintiff to be stored, the defendant ratified the act of its agent in agreeing to store them without charge. (1 Ency. L., 429, 434; Long v. Osborn, 59 N. W., 14; Russ v. Tilfever, 57 Fed., 973; 4 Thomp. Corp., 5258, 5289, 5298.) There can not be a partial ratification of the acts of an agent. There must be either an affirmance or disavowal of the entire transaction. (Biedman v. Goodell et al., 56 Ia., 592; Warder v. Pattee, 57 Ia., 515; Strasser v. Conklin, 54 Wis., 102; Joslin v. Miller, 14 Neb., 91; Walker v. Haggerty, 30 id., 120; Wells v. Hikox (Kan.), 40 Pac., 821; Union Trust Co. v. Philips (S. D.), 63 N. W., 903; Esterly, etc., Co. v. Frolley, 34 Neb., 110; Daniels v. Brodie, 54 Ark., 216; Stanard Milling Co. v. Flower, 46 La. Ann., 315; Mech. on Agency, Secs. 130, 167, and 169; I. A. & E. of Law, pp. 434–436; 4 Thomp. on Corp., Sec. 5303.) The defendant was not engaged in the business of a warehouseman; it would not therefore have a lien upon goods stored by it for another. The general words "or other person" in the statute are restricted and limited by the particular and specific word "warehouseman" which they follow, to those of the same class or kind. (Suth. on Stat. Const., 268–276; People v. Dolan, 5 Wyo., 245.) Not having found whether defendant had the right of property, or right of possession only, the judgment was unauthorized. (R. S., Sec. 3032; Cobbey on R., 1049, 1050; 1056, 1057; Chandler v. Colcord, 1 Okla., 260; Fulkerson v. Dinkins, 28 Mo. Ap., 160; Cob. on Repl., Secs. 1072 and 1073; Guerold v. Holtz, 103 Mich., 118; Holt v. Van Epps, 1 Dak., 206; Phipps v. Taylor, 15 Ore., 484; Yick Kee v. Dunbar, 20 Ore., 416; Smith

v. Smith, 17 Ore., 444. There was a failure to find the value of the property. Such a finding is necessary. (Cobbey on Repl., Secs. 1061 and 1062; Foss v. Marr, 40 Neb., 559; Meeker v. Johnson, 3 Wash. St., 247; Lewin v. Stein (Col.), 42 Pac., 185; Bleiler v. Moore, 88 Wis., 438; Goodwin v. Potter, 40 Neb., 553; Cobbey on Repl., Secs. 970 and 971; Connoly v. Miller, 22 Neb., 82; Philleo v. Mc Donald, 27 Neb., 142; Just v. Porter, 64 Mich., 565; Hainer v. Lee, 12 Neb., 452; Dodge v. Runnels, 20 id., 33; Boot & Shoe Co. v. Braithwaite, (S. D.) 34 N. W., 68.)

*C. C. Hamlin,* for defendant in error.

Defendant's disavowal of the agreement of its agent immediately on learning of it was sufficient. Ratification must be with full knowledge of all material facts. (Pars. on Cont., 52; Combs v. Scott, 12 Allen, 493; Bass v. Worth, 40 Barb., 648; Johnson v. Craig. 21 Ark., 539.) Defendant had a lien under the statute. It comes within the term " or other person." No part of the statute should be rejected if an interpretation can be found which will give it effect. (Sedgwick Stat. L., 199; in re N. Y. Bridge, 72 N. Y., 530; Patterson v. Spierman, 37 Ia., 42; Dearborn v. Brookline, 97 Mass., 466.) No room for construction if the language is clear. (Newell v. People, 7 N. Y., 97; U. S. v. Fisher, 2 Cranch, 388; McCluskey v. Cromwell, 11 N. Y., 60; U. S. v. Hartwell, 6 Wall., 396.) The finding of the court as to the value of defendant's interest was sufficient. (R. S., Sec. 3032.) If the property was of less value than defendant's lien, the plaintiff should have shown that fact in mitigation of defendant's damages. (Stahan v. Smith, 38 Kan., 474; Fowler v. Hoffman, 31 Mich., 220; Chandler v. Concord, 1 Okla., 260.) The right of the defendant to recover in this case is clearly supported in Stewart v. Woodward, 50 Vt., 78; Idiorne v. Maxey, 13 Mass., 177.)

POTTER, JUSTICE.

In this case Hattie J. Knight sought by action of

replevin to obtain possession of certain household goods which were held by the defendant. She gave the delivery undertaking provided for by statute and received the goods. Judgment was rendered against her and the surety in the undertaking for the sum of $50 and costs. The amount of the damages assessed being the reasonable value, as determined by the court, for the storage of the property by defendant.

The answer of defendant admitted its possession, and set forth as grounds of defense, that on or about July 10, 1894, the plaintiff delivered to and left with the defendant all and singular the goods and chattels with the request that it safely keep and store the same for her, which service, it is alleged, they performed until May 25, 1895, (this being the date when the suit was commenced) and that a reasonable charge for the storing and caring for the property was sixty dollars; further, that on October 31, 1894, the defendant sold to one Merle S. Knight, the husband of plaintiff, a bill of merchandise amounting to $43.85, and that the plaintiff at that time upon demand being made of her husband for security for the payment of said bill, deposited with the defendant the said property in pledge; that said sum had not been paid, and that payment thereof was demanded of plaintiff at the time when she requested a redelivery of the property.

The case was tried without the intervention of a jury, and the court found that the plaintiff was the owner of the property at the time of the commencement of the action; that said property was not chargeable with the claim of defendant against Merle S. Knight, but that as agent for his wife, he had placed the property in the possession of defendant; that the latter was entitled to a lien upon such property for the storage thereof under the provisions of Section 1471 of the Revised Statutes, and the court awarded the defendant the sum of fifty dollars to cover such lien, rendering judgment therefor. The testimony on behalf of plaintiff was to the effect that the manager of defendant's store had agreed to keep the goods

without compensation, but the trial court held that any such contract had not been brought to the knowledge of defendant, and if it had been, it would have been unconscionable, there being no limit as to time; that, on the contrary, the defendant had notice from its agent that the property was held for collateral and storage, and acted under that information for about six months after such agent had ceased to be connected with the defendant.

That much of the defense which claimed possession of the goods by way of pledge does not require consideration. The trial court determined that question adversely to defendant, and very properly so. The property was clearly that of plaintiff which she owned prior to her marriage with M. S. Knight, and the latter could not, without her consent, and none such was shown, have pledged the same for an indebtedness of his own. Neither was it established that he attempted to pledge them. The undisputed testimony on behalf of plaintiff disclosed that one Minta, at that time the local manager of the business of defendant at Rock Springs, agreed to allow the goods to be placed and kept in their store without compensation; and that on that account only the goods were permitted to be stored there. The single item of evidence respecting this matter offered in support of the defendant's position was an entry on its books in Minta's handwriting, under date of October, 1894, showing a sale upon credit to the husband of plaintiff of a bill of merchandise amounting to $43.85, and a memorandum as follows: "Bill of goods security household furniture on storage." This entry must have been made some three months after the goods were placed in the defendant's store. It was attempted to establish the absence of authority in the manager to contract for storage without charge. The business of defendant did not include, generally at least, that of storing and caring for property of others. It may be assumed that such manager, as between himself and the company, was not empowered to transact such business without charging a fair compensation therefor; and between him—

self and third parties could not enter into any contract therefor binding the defendant, which would require it to carry it out, or would render it responsible in damages for a failure or refusal to perform it; or for the absence of that diligence which is required of a gratuitous bailee, had the goods been lost or damaged. In this case, however, the agreement had been completely executed on the part of defendant. It had safely kept the goods, was in possession of them, and refused to return them unless a storage fee was paid. The contract was not unconscionable. It was capable of being terminated at any time by defendant upon notice. It could have notified plaintiff at any time that the goods could not be further left with them except for compensation. It matters not that the superior officers of the company were unacquainted with the facts respecting the original agreement. It had in its possession certain property obtained upon the promise of the one in charge of its store that no charge would be made if the same was left there. Having, through its regular agent, invited plaintiff to thus intrust her goods to it, whether or not the agent was either expressly or impliedly authorized to make any such promise or agreement, the defendant is not entitled to hold the goods until it has been paid the demanded fee. It can have no just or lawful charge until and after it disavows the arrangement under which they had received the property. This is an entirely different question from that arising in a case such as has been cited, where an agent without authority pays an indebtedness of his own by a sale of goods belonging to his principal, in which case the one so receiving the goods was held liable to pay for them at the suit of the principal, the account standing against him upon the books of the concern.

As the case must be remanded, it is proper that we accord consideration to some of the questions arising on the trial and discussed in the briefs of counsel. We have no doubt but that defendant would have been entitled to a lien upon the property if its charge for storage was to be

sustained.   We conceive that the provisions of Sec. 1471 Rev. Stat. covers such a case.   On the trial the court refused to permit plaintiff to prove certain costs and expenses, including counsel fees, which she had incurred by reason of the refusal of defendant to return her property on demand.   The original taking was certainly with consent of plaintiff.   She voluntarily left them with the defendant until the day of demand, which was either the same day or about the time of the commencement of the suit; and the detention of them by defendant after demand was not accompanied by any such outrage or bad faith as would authorize exemplary damages.   The court did not err in excluding the testimony offered.

For the reasons already stated, the judgment must be reversed and the case remanded for new trial.

*Reversed.*

Groesbeck, C. J., and Conaway, J., concur.