**Bobby L. BROOKS, Plaintiff-Appellant,**

v.

**Warden Mike DUTTON,
Defendant-Appellee.**

**No. 84–5099.**

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted Oct. 4, 1984.

Decided Jan. 8, 1985.

Rehearing Denied Feb. 11, 1985.

David Kozlowski (argued), Legal Services of South Central Tennessee, Tullahoma, Tenn., for plaintiff-appellant.

W.J. Michael Cody, Atty. Gen. of Tenn., Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., for defendant-appellee.

Before ENGEL and WELLFORD, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Plaintiff, Bobby L. Brooks, is an inmate at Tennessee State Prison, Nashville, Tennessee. He was hospitalized on September 9, 1983, and when he returned to his cell, five days later, he alleges that his personal property, valued at several hundred dollars, had been removed. Plaintiff attempted to use prison administrative procedures to procure the return of his property. When those procedures failed, plaintiff filed a civil rights complaint in the district court.

On the same day that the complaint was filed, the district court denied the motion to proceed *in forma pauperis* and *sua sponte* dismissed the complaint under the authority of *Vicory v. Walton*, 721 F.2d 1062 (6th Cir.1983) (must use state remedies), and 28 U.S.C. § 1915 (frivolous). This appeal followed.

The application to proceed *in forma pauperis* filed by Brooks reflected no cash, money, or other property owned by him; the trust fund custodian of the prison reflected a $10 credit in his account, but leave to file without payment of costs or security was denied. The real basis for the dismissal, however, was not 28 U.S.C. § 1915(a) which relates to the basis for permitting an *in pauperis* filing, but rather 28 U.S.C. § 1915(d):

> The court ... may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

The district judge did not address the sufficiency or truthfulness of the allegation of poverty; instead, he denied the request to proceed "on the grounds it is frivolous." The complaint should have been permitted to be filed under § 1915(a) under the apparent circumstances of poverty alleged by the prisoner plaintiff. We address, however, the propriety of dismissal under § 1915(d).

We have carefully reviewed the record and considered the arguments set forth by plaintiff, but we find ourselves in agreement with the district court in respect to the dismissal on the § 1915(d) grounds. In *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981), the Supreme Court held that a prisoner's loss of property due to the negligence of a state employee was not a violation of due process if the state afforded a means to resolve the alleged loss. *Parratt* was followed by *Vicory v. Walton, supra,* in which it was held that a § 1983 action does not lie if state law provides an "immediate corrective process in its courts," by which

the plaintiff could recover his property. 721 F.2d at 1064.

We believe that the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted, *see* Tenn.Code Ann. § 9–8–207, and in the absence of resort to state remedies, we do not believe that a federal court may assert jurisdiction. *Vicory, supra; Parratt, supra.* In making this determination, we are well aware of *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983). In *Tingler,* this court took a dim view of *sua sponte* dismissals on the merits prior to service of the complaint and without notice of the proposed dismissal to the plaintiff to allow him to respond. That case specifically noted, however, that it was not considering "the propriety of *sua sponte* dismissals of *in forma pauperis* claims as frivolous under ... 28 U.S.C. § 1915(d)." 716 F.2d at 1111. In the instant case, we are faced with that precise question.

As noted earlier, Tennessee has established a tort claims procedure which would permit appellant to recover damages for the negligent loss of his property by state officials. Tenn.Code Ann. § 9–8–207. Under *Vicory v. Walton,* if state remedies exist and have not been exhausted, there is no cause of action under § 1983, unless plaintiff pleads and proves that state remedies are inadequate. 721 F.2d at 1066. Since plaintiff did not exhaust state remedies, nor was there a showing that they were inadequate, the district court properly considered Brooks' appeal frivolous. We thus hold that while it was error not to permit the filing of the complaint on the basis of poverty, the district court did not err in *sua sponte* dismissing the case. In so doing, we note that the number of cases found to be "frivolous" will, in all likelihood, be limited. The error in denying the filing was harmless error, since *Tingler* does not forbid dismissal in this case, where the plaintiff would appear to have no basis for establishing success on the merits for the reasons stated.

Accordingly, the decision of the district court is hereby AFFIRMED.