779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MODESTO GARCIA, Plaintiff-Appellant,
v.
CAPT. EARL ZIMLICH; SGT. JAMES VERES; FRANK GAUGHAN;
CUYAHOGA COUNTY SHERIFF DEBT., Defendants-Appellees.
 85-3407
 United States Court of Appeals, Sixth Circuit.
 10/24/85
 AFFIRMED
 N.D.Ohio
 ORDER
 
 1
 BEFORE: ENGEL and MILBURN, Circuit Judges; and COOK, District Judge*.
 
 
 2
 Garcia moves for in forma pauperis status and for counsel on appeal from the district court's order dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Garcia is a prisoner at the Southern Ohio Correctional Facility in Lucasville, Ohio. The defendants are police officers from the narcotics unit of the sheriff's department of Cuyahoga County, Ohio. Garcia alleges that after the defendants arrested him they forced him to become an informant, supplied him with drugs so he would continue to supply them with information, and then perjured themselves at his murder trial. The district court found that the complaint was frivolous and dismissed the case sua sponte. Such a dismissal was proper if the case is frivolous. Brooks v. Warden Mike Dutton, 751 F.2d 197, 199 (6th Cir. 1985).
 
 
 4
 Garcia alleges that the actions of the police officers violated his right to be free from cruel and unusual punishment under the eighth amendment and his due process rights under the fourteenth amendment. There is no cruel and unusual punishment violation because this clause applies to sentences, not to the actions of police officers. Garcia's main argument on the due process issue is that the police officers threatened to insure that he would receive the maximum sentence on his drug offenses if he did not become an informant. These statements by the police officers are not the use of physical force or threatened use of physical force that would constitute a due process violation. See Caudill v. Jago, 747 F.2d 1046, 1051 (6th Cir. 1984). Garcia's other issues are also without merit.
 
 
 5
 The motion for in forma pauperis status is granted. The motion for the appointment of counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation