786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STACEY SELLERS, Plaintiff-Appellant,
v.
WALLACE E. STEIN; THEODORE WEINKAM, Defendants-Appellees.
 85-3089
 United States Court of Appeals, Sixth Circuit.
 2/5/86
 S.D.Ohio
 AFFIRMED
 ORDER
 
 1
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges, and CHURCHILL, District Judge*.
 
 
 2
 Plaintiff has appealed the district court's order sua sponte dismissing his civil rights complaint under 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff, an inmate at the Southern Ohio Correctional Facility, filed this pro se civil rights complaint against Wallace E. Stein, the prison's chief records clerk, and Theodore Weinkam, a private attorney, alleging that Stein brought a set of interrogatories to plaintiff's cell, required plaintiff to sign for them, and told plaintiff's cellmate to 'shut up' when he tried to tell plaintiff the significance of his signature. Weinkam represents the Andrew Jergens Company, the defendant in a private lawsuit initiated by plaintiff, and sent the interrogatories as part of the discovery in that case. Plaintiff alleges that these actions by defendants violated his right of access to the courts. The district court granted plaintiff's motion to proceed in forma pauperis and dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 4
 In a proceeding in forms pauperis, the district court may dismiss the complaint sua sponte if satisfied that the action is frivolous or malicious. 28 U.S.C. Sec. 1915(d). Although the district court has broad discretion to dismiss a complaint as frivolous under section 1915(d), the court of appeals must independently examine the complaint to determine whether it is frivolous. Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983); Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir. 1983). Pro se complaints are to be liberally construed and the allegations must be taken as true and construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519 (1972); Malone v. Colyer, supra, 710 F.2d at 260; Byrd v. Wilson, supra, 701 F.2d at 594. A complaint is frivolous and may be dismissed under section 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Malone v. Colyer, supra, 710 F.2d at 260.
 
 
 5
 Under this standard, the district court properly dismissed the complaint as frivolous. Prisoners are entitled to adequate, effective and meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977); Walker v. Mintzer, 771 F.2d 920 (6th Cir. 1985); Patterson v. Mintzes, 717 F.2d 284 (6th Cir. 1983). However, a complaint must actually allege some interference with the prisoner's access to the courts. In this case, plaintiff merely alleged that Stein delivered the interrogatories to him and required him to sign that he had received them. Weinkam's sending interrogatories in the course of a lawsuit cannot conceivably be construed as interference with access to the courts. Plaintiff's complaint was properly dismissed as frivolous under section 1915(d).
 
 
 6
 Plaintiff argues on appeal that the district court failed to follow the procedures set forth in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), in dismissing the complaint. The district court can dismiss a frivolous action sua sponte under section 1915(d) without complying with the Tingler procedures. Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), U.S. appeal pending; Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985). Therefore, this claim is without merit.
 
 
 7
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation