791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES MAYNOR, Plaintiff-Appellant
v.
HOWARD G. COOK AND ERNEST PELLEGRIN, TENNESSEE DEPARTMENT OF
CORRECTIONS, Defendants-Appellees.
 84-5981
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 
 AFFIRMED
 M.D.Tenn.
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; WEICK, Senior Circuit Judge.
 
 
 1
 Maynor appeals pro se from the district court's order dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Maynor's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time he filed his complaint in the district court, Maynor was imprisoned at the DeBerry Correctional Institute in Nashville, Tennessee. The warden of that institution and the Commissioner of Corrections for the state of Tennessee are the defendants. Maynor alleges that his cell partner struck him over the head with an object, causing a wound that required 38 stitches. He alleged that the defendants violated his constitutional rights by allowing this attack to take place.
 
 
 3
 The district court held that Maynor's complaint was frivolous under 28 U.S.C. Sec. 1915(d). Because there was no allegation of any prior difficulty between Maynor and his assailant, and because there was no allegation that either defendant had any personal knowledge of the assailant's violent character, the court held that Maynor could not prove any set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). We agree with this conclusion of the district court.
 
 
 4
 A pro se civil rights complaint may be dismissed sua sponte if it is frivolous. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985). The district court must expressly state that its dismissal is under 28 U.S.C. Sec. 1915(d). Harris v. Johnson, ---- F.2d ----, Case No. 84-1459, slip opinion (6th Cir. February 24, 1986). The district court did cite to Sec. 1915(d) in its order, so the court's sua sponte dismissal was proper.
 
 
 5
 The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.