791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SYLVESTER JONES, Plaintiff-Appellant,
v.
ROBERT MOSSING, CLERK; and, UNKNOWN JUDGE FOR UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF
MICHIGAN, Defendants-Appellees.
 84-1778
 United States Court of Appeals, Sixth Circuit.
 4/25/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: WELLFORD and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 
 1
 This pro se plaintiff appeals from a district court judgment sua sponte dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 2
 The plaintiff sued the above defendants claiming that they had conspired together to deprive him of his first and fourteenth amendment rights to due process, equal protection under the law and access to the courts by refusing to file and acknowledge receipt of two civil complaints which he had mailed to the court ten months earlier. Plaintiff also claimed that the district court clerk violated his oath of office by failing to file his complaints and having a show cause order be issued to the defendants. Plaintiff sought monetary and declaratory relief, the impeachment of the clerk and judge and an order enjoining this kind of action in the future.
 
 
 3
 Upon review of the district court record in light of the arguments raised by the parties in their respective appellate briefs, we conclude that the district court properly dismissed plaintiff's suit sua sponte pursuant to 28 U.S.C. Sec. 1915(d) because it was clearly frivolous. See Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1984). Federal judges are absolutely immune from damages even if they act erroneously, corruptly or in excess of jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-59 (1978); King v. Love, 766 F.2d 962, 965 (6th Cir. 1985), cert. denied, 106 S.Ct. 351 (1985). Judicial support staff, including a court clerk, are similarly protected under quasi-judicial immunity. Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980); Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981); Johnson v. Granholm, 662 F.2d 449, 450 (6th Cir. 1981) (per curiam); cert. denied, 457 U.S. 1120 (1982); Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir. 1973) (per curiam); Lucarell v. McNair, 453 F.2d 836, 838 (6th Cir. 1972). Plaintiff's request for injunctive and declaratory relief was also mooted upon the eventual filing of his complaints in the district court; In Re Knoxville News--Sentinel Co., Inc., 723 F.2d 470, 473 (6th Cir. 1983); and there is now no reason to expect further delays in filing suits submitted by indigent plaintiffs. Cf. In Re Knoxville New--Sentinel Co., Inc., 723 F.2d at 473. Indigent plaintiffs can expect their suits to be filed promptly pursuant to 28 U.S.C. Sec. 1915(a) upon a showing of indigency and in the absence of bad faith. See Brooks v. Dutton, supra.
 
 
 4
 Finally, liberally construing the plaintiff's complaint, we conclude the plaintiff failed to adequately allege that the defendants condoned, encouraged or participated in any misconduct in order to find them liable under the doctrine of respondeat superior. Rowland v. Mad River Loc. Sch. D., Montgomery Cty., 730 F.2d 444 (6th Cir. 1984); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 105 S.Ct. 156 (1984); Dunn v. State of Tenn., 697 F.2d 121, 128 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed, pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.