798 F.2d 470
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry NELSON, Plaintiff-Appellant,
v.
Susan DALTUVA, Thomas Carlson, Detroit News, Inc. and Don
Ball, Defendants-Appellees (Case No. 85-1313),
 Susan Daltuva; Norman E. Heath; Mark Logan, Leonard
Gilman; Benjamin Civilette; Detroit Police
Department and Chief William Hart,
Defendants-Appellees (Case No. 85-1343).
 Nos. 85-1313, 85-1343.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1986.
 
 Before KEITH, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Nelson appeals pro se from the district court's judgments dismissing these civil rights and Bivens complaints. These appeals have been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the records and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Nelson is currently imprisoned at the Federal Correctional Institution in Milan, Michigan. The defendants in Case No. 85-1313 include an assistant U.S. district attorney, a U.S. magistrate, and the Detroit News. Nelson alleges that the defendants violated his civil rights by defaming him. The district court dismissed the complaint under 28 U. S. C. 51915(d) as frivolous.
 
 
 3
 The complaint of a plaintiff proceeding in forma pauperis can be dismissed under 28 U.S.C. 61915(d) if it is frivolous. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985). A case is frivolous if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief., 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, U.S. I 106 S.Ct. 788 (1986).
 
 
 4
 The Supreme Court has held that defamation does not become a civil rights violation just because the defendant is a state official. Paul v. Davis I 424 U.S. 693, 698 (1976). Therefore, Nelson's civil rights and Bivens action is frivolous because he can prove no set of facts which would entitle him to relief.
 
 
 5
 In Case No. 85-1343, the defendants include the same assistant U.S. district attorney, a D.E.A. agent, an A.T.F. agent, and the Detroit Police Department. Nelson alleges that these defendants conspired to falsify the indictment, the arrest warrant, the search warrant, and affidavits in his criminal case. In Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985), this Court held that where a civil rights complaint challenges i; the legality of a conviction, such an action cannot be maintained until after the criminal proceedings are terminated favorably to the plaintiff. In the present case, the criminal proceedings had not been terminated at the time Nelson filed his complaint. Therefore, the district court was correct to dismiss the complaint without prejudice to Nelson's right to refile the case after the criminal proceedings were terminated in his favor. So again, Nelson could prove no set of facts which would entitle him to relief, and the complaint was frivolous.
 
 
 6
 The judgments of the district court 'are affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.