802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BILLY RAY HUGHES, Plaintiff-Appellant
v.
PAUL SMITH, SHERIFF OF RHEA COUNTY, TENNESSEE; AND RHEA
COUNTY SHERIFF'S DEPARTMENT, Defendants-Appellees.
 No. 86-5402.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 1
 BEFORE: ENGEL and NORRIS, Circuit Judges; and COHN, District Judge*
 
 ORDER
 
 2
 This matter is before the Court upon the motion of the appellant, Billy Hughes, for appointment of counsel. The appellant is appealing the March 20, 1986, order of the district court granting the defendant's motion for summary judgment and dismissing the case. The appellant has filed an informal brief.
 
 
 3
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the informal brief, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of appellate Procedure.
 
 
 4
 The appellant is incarcerated at the Southeast Tennessee State Regional Correctional Facility in Pikeville, Tennessee, and seeks recovery for alleged violations of his constitutional rights pursuant to 42 U.S.C. Sec. 1983. The appellant alleges 1) that money and personal property were lost while in the hands of the Rhea County Sheriff's Department; 2) that officers pulled hair off the appellant's head and face for a lab test; and 3) that the appellant was denied medical treatment by members of the Rhea County Sheriff's Department.
 
 
 5
 We affirm the decision of the district court. The appellant's first claim is without merit because the State of Tennessee provides adequate remedies for deprivation of property. Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985). the appellant's second claim does not rise to the level of an Eighth Amendment constitutional violation, Whitley v. Albers, 106 S.Ct. 1078 (1986), and traditional state tort-law principles apply for a violation of the duty of care. Baker v. McCollan, 443 U.S. 137, 146 (1979). The appellant's third contention of lack of adequate medical care fails because the affidavit of Charles O. Swafford, jail administrator and records custodian for the Rhea County Jail, evidences that the appellant did receive medical attention. The failure to treat all medical problems to a prisoner's satisfaction is insufficient to support a claim under Sec. 1983. Estelle v. Gamble, 429 U.S. 97, 107 (1976); reh'g. denied, 429 U.S. 1066 (1977).
 
 
 6
 It appears that the issues on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Accordingly, it is ORDERED that the motion for appointment of counsel is denied, and it is ORDERED that the final judgment of the district court be affirmed.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation