802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KEVIN BENNETT, Plaintiff-Appellant
v.
JAMES J. BLANCHARD, ET AL., Defendants-Appellees.
 No. 86-1022.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1986.
 
 BEFORE: ENGEL, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner at the state prison in Jackson, Michigan. The defendants are the governor of the state and the director of the corrections department. The complaint alleges that the conditions of confinement at the prison are unconstitutional because the prison is vermin infested and the water is unsafe to drink. The district court entered an order dismissing the case sua sponte.
 
 
 3
 This Court has held that sua sponte dismissals are proper if the case is frivolous under 28 U.S.C. Sec. 1915(d). Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985) (per curiam). The district court is required to cite Sec. 1915(d) in its order. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986). In the present case, the district court did cite Sec. 1915(d), so its order was procedurally correct.
 
 
 4
 The district court held that the plaintiff's issues were identical to issues raised in a class action suit concerning the conditions of confinement at the prison. If a class member cannot relitigate issues after final judgment in a class action suit, by analogy a class member should not be able to prosecute a separate equitable action once the member's class has been certified. Goff v. Menke, 672 F.2d 702, 704 (8th Cir. 1982). So the district court was correct to hold that the plaintiff's case should be dismissed and that he must pursue his remedies in the class action suit.
 
 
 5
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.