812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darwin GRAVITT, Petitioner-Appellant,
v.
Gene BORGERT, Respondent-Appellee.
 No. 86-1557.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1987.
 
 Before JONES and GUY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the petitioner's motion for counsel, motion for counsel and bond, informal brief and the district court record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the district court stating that he was transferred from the Huron Men's Facility to the Lenawee County Jail and back to the Huron Men's Facility in January of 1986. He alleges that during part of his five day stay at the Lenawee County Jail that he was denied access to a law library and was not provided with an up-to-date rule book, communication materials, bed linen, shirt, face cloth, washrag, towel and soap. The complaint sought damages and release from custody. The district court treated the petition as an action brought under 28 U.S.C. Sec. 2241 and dismissed it for failure to exhaust state court remedies.
 
 
 3
 A review of the record indicates that the habeas corpus petition should have been treated as a civil rights action. Pro se complaints are to be liberally construed. Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972). The habeas corpus petition alleges violations of constitutional rights during the five day confinement at the Lenawee County Jail and should thus be treated as a 28 U.S.C. Sec. 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).
 
 
 4
 The civil rights complaint was dismissed without service of the complaint upon the defendant and without providing plaintiff an opportunity to amend the complaint or respond. Such a practice is not favored. Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). Sua sponte dismissals can be made under Sec. 1915(d) if the case is frivolous but no such finding was made by the district court. Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Brooks v. Dutton, 751 F.2d 197 (6th Cir.1985) (per curiam ).
 
 
 5
 It is ORDERED that the motions of the appellant be denied and the judgment of the district court be vacated and the case remanded for further proceedings consistent with this opinion. We intimate no view on the merits of the claims presented in the complaint. Rule 9(d)(4), Rules of the Sixth Circuit.