816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clinton Ray MOORE, Plaintiff-Appellant,
v.
Stephen C. SELWEIGN, Associate Warden, Southeast Tennessee
Regional Correctional Facility; Chattanooga Community
Relaase Center, Trust Fund Custodian; and Southeast
Tennessee Regional Correctional Facility, Defendants- Appellees.
 No. 86-5620.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1987.
 
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit, and upon examination of the record and the briefs, we conclude that no oral argument is necessary.
 
 
 2
 Plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. Sec. 1983 alleging that he had been deprived of monies in his prison trust fund account without due process. Pursuant to T.C.A. Secs. 41-21-216, 41-21-217 and 41-21-512, a freeze was placed on plaintiff's trust account for costs incurred for room and board and medical expenses while he was on work release. Plaintiff sought a return of these funds. The district court dismissed his complaint as frivolous under 28 U.S.C. Sec. 1915(d) for failure to state a cause of action.
 
 
 3
 Construing plaintiff's complaint liberally, plaintiff has failed to state a cause of action under Section 1983. Plaintiff has failed to plead and prove that the post-deprivation remedies provided by T.C.A. Sec. 9-8-307 (Supp. 1985) are inadequate. Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984); see also Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985); Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 469 U.S. 834 (1984). Because the state of Tennessee has provided remedies in the Tennessee Claims Commission and because plaintiff has failed to plead that these remedies are inadequate, we must affirm and deny plaintiff's request for counsel on appeal. Rule 9(b), Rules of the Sixth Circuit.