817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. CHAPMAN, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS, and Odie Jones,
Defendants-Appellees.
 No. 86-5736.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1987.
 
 1
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. The pro se state prisoner filed a 42 U.S.C. Sec. 1983 complaint alleging inadequate medical care, denial of property and various claims of racial discrimination. He further alleged that the prison officials incite the inmates to riot and discriminate in hiring prison guards, and that the Warden planned to kill him.
 
 
 3
 The Magistrate recommended that the complaint be dismissed for failure to state a claim. The district court independently reviewed the plaintiff's complaint and objections, and then dismissed the complaint.
 
 
 4
 Upon review, it is clear that the district court's dismissal was proper. The plaintiff's claims of inadequate medical care do not show deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). He has not stated a claim for deprivation of property without due process because Tennessee provides for claims against the state arising from negligent care, custody or control of personal property. Tenn. Code Ann. Sec.9-8-307(6). See also Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981); Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985). Furthermore, his claim of overcrowding has been addressed in the on-going class action suit, Grubbs v. Bradley, 552 F.Supp. 1052 (M.D. Tenn. 1982).
 
 
 5
 The plaintiff's remaining claims are vague, conclusory and equally meritless. Even with the liberal construction accorded a pro se litigant's complaint, Haines v. Kerner, 404 U.S. 519 (1972), it is well recognized that the complaint must still set forth some cognizable federal claim and that conclusory pleadings are insufficient and will be dismissed. Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971).
 
 
 6
 For the foregoing reasons, the district court's judgment of dismissal is affirmed pursuant to Rule 9(b), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation