820 F.2d 1225
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel B. TAYLOR, Plaintiff-Appellant,
v.
Jerome SMITH, Mike Slaughter, Donal Campbell, Danny Tinnell,
and Don Coen, Defendants-Appellees.
 No. 86-6008.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1987.
 
 Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner confined at the Turney Center Prison in Tennessee. On July 7, 1986, he brought a 42 U.S.C. Sec. 1983 civil rights action against various prison officials employed at the Center. In the complaint filed in that action, the plaintiff alleged that his fourth, eighth, and fourteenth amendment rights had been violated by the conditions of a three day "lock down" imposed at the prison beginning on March 21, 1986. By order of the district court, the plaintiff's complaint was referred to the magistrate prior to service for consideration under 28 U.S.C. Sec. 1915(d). After consideration, the magistrate entered a report and recommendation which concluded that the plaintiff's complaint should be dismissed as frivolous. Timely objections were filed by the plaintiff. After consideration of the plaintiff's objections and the magistrate's report and recommendation, the district court noted its affirmation and adoption of the magistrate's report and recommendation.
 
 
 3
 Upon consideration of the record and the plaintiff's argument, we affirm the dismissal of the complaint pursuant to 28 U.S.C. Sec. 1915(d). An action is frivolous and may be dismissed under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). District courts are granted broad discretion to dismiss complaints under this standard so long as such discretion is not exercised arbitrarily. 710 F.2d at 260. A summary dismissal of an in forma pauperis claim under Sec. 1915(d) is not an abuse of discretion "where the plaintiff would appear to have no basis for establishing success on the merits for the reasons stated." Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir.1985).
 
 
 4
 A review of the claims raised in the plaintiff's complaint reveals that the plaintiff has no basis for success on the merits. With regard to his first claim, the plaintiff has not alleged that any prejudice resulted from his limited access to the law library during the lock down. In the absence of some showing that a restriction on prison law library time resulted in the plaintiff actually being impeded in his access to the courts, no claim for denial of access to the courts has been stated. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 5
 Plaintiff's second and fourth claims relating to cell conditions and the cleanliness of prison clothing likewise fail to state a claim on which relief can be granted. To successfully raise an eighth amendment claim, there must exist a specific condition or conditions which considered alone or in combination, Rhodes v. Chapman, 452 U.S. 337, 347 (1981), amount to a deprivation of life's necessities. 771 F.2d at 925; Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984). The conditions cited in the plaintiff's complaint fail to rise to the level of a deprivation of life's necessities and therefore do not state a cognizable eighth amendment claim. Moreover, to the extent that these allegations are construed as a general challenge to the living conditions at the Turney prison, they are more properly raised by the class representative in the ongoing certified class action involving Tennessee's prisons, Grubbs v. Bradley, 552 F.Supp. 1052 (M.D.Tenn.1982). The plaintiff, as a member of the certified class in Grubbs, may properly seek injunctive relief in that action.
 
 
 6
 The remaining fourth amendment claim arising from the search of plaintiff's cell and seizure of property therefrom, is also meritless. A prisoner has no reasonable expectation of privacy in his prison cell. Hudson v. Palmer, 468 U.S. 517, 527 (1984). Because the fourth amendment's protection applies only to an unreasonable search and seizure, the plaintiff's allegations fail to raise a cognizable claim under the fourth amendment insofar as the search of his cell is concerned. To the extent that the plaintiff challenges the unlawful seizure of his property as a consequence of those searches, he must seek to exercise his post-deprivation remedies in the state courts of Tennessee which this court has held to be adequate to assure the return of items negligently or intentionally converted. 751 F.2d at 199 (6th Cir.1984).
 
 
 7
 Accordingly, the order of the district court entered on September 8, 1986, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.