827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jaki Akai MAHAMMAD, Plaintiff-Appellant,
v.
Fay BARNES; Josephine Bobo; Phyliss Jellison; Lynda Cutlip;
Cathy Lawson; Vickie Douglas; and Debbie Lane,
Defendants-Appellees.
 No. 87-5265
 United States Court of Appeals, Sixth Circuit.
 August 24, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 
 1
 The plaintiff appeals pro se from the district court's judgment denying his petition for compensatory, punitive and injunctive relief based on civil rights violations under 42 U.S.C. Sec. 1983. This appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, we agree unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner is currently incarcerated at the Brushy Mountain State Penitentiary, Petros, Tennessee. He alleged treatment by named and unnamed state prison officials violated his rights under the first, eighth and fourteenth amendments of the federal Constitution. The district court sua sponte dismissed his claims as frivolous pursuant to its authority under 28 U.S.C. Sec. 1915(d). The court also found some claims unclear respecting which officials had committed the alleged violations.
 
 
 3
 The district court relied on Sec. 1915(d) and Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985) (per curiam), to dismiss the complaint as frivolous. 751 F.2d at 199. Pro se complaints are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), and regardless of the rudimentary nature of the pleading, they may only be dismissed sua sponte when it is established beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Estelle v. Gamble, 429 U.S. 97, 106 (1976). This court will carefully secrutinize such dismissals. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1983); Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir. 1983).
 
 
 4
 Even applying liberal rules of construction applicable to pro se plaintiffs, Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983), we conclude plaintiff's claims surrounding false allegations by prison nurses of rape and sexual misconduct affords no set of provable facts which would entitle him to relief based on a constitutional claim. The sua sponte dismissal of this portion of the claim will, therefore, be affirmed.
 
 
 5
 With regard to plaintiff's other claims, however, the district court erred in sua sponte dismissing the complaint. We conclude that the plaintiff has arguably stated claims cognizable under the federal Constitution and that the district court, therefore, erred in abruptly dismissing these remaining claims. Plaintiff alleged deliberate indifference to his medical needs cognizable under the eighth amendment. Byrd, 701 F.2d at 594. He also alleged he was a victim of an unjustified beating by prison officials which states a facial violation of his substantive due process rights cognizable under Sec. 1983. Franklin v. Aycock, 795 F.2d 1253, 1258 (6th Cir. 1986). In addition, plaintiff has arguably stated a violation of his constitutional right of access to the courts. Malone, 710 F.2d at 262. The liberal construction given pro se pleadings also prevents dismissal of the plaintiff's complaint without first allowing him the opportunity to supplement conclusory allegations with particularized facts. Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1982). Pro se plaintiff, under the circumstances, should be afforded leave to amend the claim in this respect if he can set out a constitutional violation. Berndt v. State of Tennessee, 796 F.2d 879, 882-83 (6th Cir. 1986).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed as it relates to plaintiff's claim that prison officials (nurses) denied him due process when they falsely accused him of sexual misconduct and rape pursuant to Rule 9(b)(5), Rules of the Sixth Circuit; however, the judgment is vacated and the case remanded as to other allegations discussed herein. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 7
 We specifically take note and state our strong disapproval of threats and profanity used in plaintiff's 'Motion to Hold Plaintiff in Contempt to Prove Allegations True,' filed in the district court. Such conduct may subject him to a contempt citation or other sanctions by the district court or by this court. See Eaton v. City of Tulsa, 415 U.S. 697, 700-01 (1974) (Powell, J., concurring).