870 F.2d 657
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Defendant-Appellee.
 No. 88-4071.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1989.
 
 1
 Before B. MARTIN and MILBURN, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 
 ORDER
 
 2
 Plaintiff May moves to remand this appeal from the district court's judgment dismissing this civil rights and federal statutory case. 42 U.S.C. Secs. 1981, 1982, and 1983; 5 U.S.C. Sec. 552; 47 U.S.C. Sec. 554; U.S. Const. amend I, V, XIV. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiff is a prolific litigant who resides in Cincinnati, Ohio. The defendant is the Federal Communications Commission (FCC). In his complaint, the plaintiff alleged that he requested the FCC to send him a form for filing a discrimination complaint against a cable television company. The plaintiff alleged that the FCC failed to respond to this request. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 4
 In his motion to remand, the plaintiff argues that the district court should not have dismissed the complaint without allowing service of process upon the FCC. Sua sponte dismissals of complaints are proper if the complaint is frivolous under 28 U.S.C. Sec. 1915(d). Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir.1985) (per curiam). The district court did explicitly cite Sec. 1915(d) in its order. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). Therefore, the issue becomes whether it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985).
 
 
 5
 A fair reading of the plaintiff's complaint shows that the plaintiff wrote to or called the FCC and requested a form for filing a discrimination complaint. The FCC failed to respond to the request. These allegations at most show mere negligence, but mere negligence is not sufficient to state a constitutional violation in this situation. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). Therefore, the plaintiff cannot show any set of facts upon which he is entitled to relief. The district court properly dismissed the case.
 
 
 6
 This panel cannot imagine a more frivolous reason for filing a federal lawsuit than that a federal agency failed to respond to a request for a form. We take judicial notice of the fact that the plaintiff almost always files a petition for rehearing in his appeals. Therefore, we direct the Clerk's office to refuse to accept any further filings from the plaintiff in this appeal. Such filings would serve no purpose whatsoever.
 
 
 7
 The motion to remand is denied. The judgment of the district court is affirmed under Rule 9(b)(4), Rules of the Sixth Circuit, because the appeal is frivolous and entirely without merit. The Clerk's office is directed to refuse to accept any further filings in this case.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation