954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl C. NEWMAN, Plaintiff-Appellant,
v.
John T. CORRIGAN, Cuyahoga County Prosecutor, Defendant-Appellee.
 No. 91-3166.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Carl C. Newman appeals pro se from the district court's denial of his application for pauper status in a civil rights suit that he attempted to file under 42 U.S.C. § 1983. His appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In a letter that was tendered with his application for pauper status, Newman expressed his desire to sue a county prosecutor because he allegedly secured an erroneous indictment against Newman. On February 1, 1991, the district court denied the application because Newman had raised the same allegations in two prior cases and because he had failed to show that his claim was not barred by prosecutorial immunity. It is from this judgment that Newman now appeals. His brief on appeal contains a request for transcripts and for a writ of mandamus.
 
 
 3
 The decision to grant or to refuse an application for pauper status lies within the sound discretion of the district court. Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). However, the denial of an application to proceed in forma pauperis is immediately reviewable by this court on appeal. Id. Upon review, we conclude that the district court exceeded its discretion in the instant case.
 
 
 4
 The district court should have based its review of the application for pauper status on Newman's affidavit of indigency, rather than the informal allegations that were contained in his letter. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir.1990) (collecting cases). If Newman's affidavit indicated that he was indigent, the court should have allowed him to file a complaint as a pauper. The court could then dismiss the case under 28 U.S.C. § 1915(d), if the claims in Newman's complaint turned out to be frivolous. See Brooks v. Dutton, 751 F.2d 197, 198 (6th Cir.1985) (per curiam).
 
 
 5
 Accordingly, Newman's requests for a transcript and for a writ of mandamus are denied, and the district court's judgment is vacated and remanded for further proceedings that are not inconsistent with this opinion. Rule 9(b)(3), Rules of the Sixth Circuit.