**Gary Odel DAVIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5:95:CV:129.**

United States District Court,
W.D. Michigan.

Nov. 3, 1995.

Gary Odel Davis, Lansing, MI, pro se.

## *OPINION*

ENSLEN, Chief Judge.

Plaintiff Gary Odel Davis filed *pro se* this 42 U.S.C. § 1983 *in forma pauperis* action apparently requesting this Court to enforce a default judgment entered in his favor on August 21, 1995, by the State of Michigan Bureau of Workers Disability Compensation. Under the authority of 28 U.S.C. § 636(b), United States Magistrate Judge Doyle A. Rowland filed a Report and Recommendation ("R & R") in this case recommending that this Court find plaintiff's complaint frivolous under 28 U.S.C. § 1915(d).

Plaintiff timely filed objections to the magistrate judge's R & R. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of those portions of the magistrate judge's report to which plaintiff objects. I believe that Magistrate Judge Rowland properly addressed the issues, and that the objections lack merit.

## DISCUSSION

It appears from the facts alleged by plaintiff that he seeks recovery for workers compensation payments. He has sued Dave's Residential and Commercial Roofing Company ("Dave's"), the United States government, and the State of Michigan. He sues Dave's because the company apparently has gone out of business without paying him workers' compensation benefits. He sues the State of Michigan because the State let the company go out of business. It is not clear why the United States is a defendant. For relief, plaintiff seeks his benefits and one million dollars in damages.

■ Twenty-eight U.S.C. § 1915(d) permits the dismissal of an *in forma pauperis* complaint if the Court finds that the action is frivolous. If a complainant has no chance of success on the merits, the case is frivolous. *Brooks v. Dutton,* 751 F.2d 197 (6th Cir. 1985).

■ With regard to defendant Dave's, plaintiff has not established federal jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. There is no federal question alleged and the parties are not diverse. With regard to defendant the State of Michigan, a suit against a state or its officials contravenes the Eleventh Amendment irrespective of the suit being based on federal or state law absent a waiver. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). No waiver exists here. With regard to defendant United States, the United States is also immune from suit absent a waiver. *F.D.I.C. v. Meyer,* 510 U.S. 471, 474–76, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Again, no such waiver exists here.

Plaintiff objects by spouting a list of statutes that do not establish jurisdiction or state a claim in this Court. Plaintiff raises indisputably meritless legal claims and theories. The magistrate judge properly recommended that the suit be dismissed as frivolous. *Denton v. Hernandez,* 504 U.S. 25, 29–31, 112 S.Ct. 1728, 1732, 118 L.Ed.2d 340 (1992).

■ Included in plaintiff's objections is a request for appointment of counsel. The magistrate judge properly denied the motion in this case because the complaint filed in this Court would be a waste of appointed counsel's time. *See* 28 U.S.C. § 1915(d) (ap-

pointment of counsel is a discretionary matter in civil proceedings). *See also,Mallard v. U.S. District Court,* 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (same).

Because plaintiff's complaint is frivolous under § 1915(d), this Court must certify that any appeal of this ruling would not be in good faith under § 1915(a).

## CONCLUSION

For the foregoing reasons, Magistrate Judge Rowland's Report and Recommendation will be adopted, the objections overruled, the matter dismissed as frivolous, and any appeal certified as not in good faith.