**Kevin HAYES, also known as Kenneth Beverly, Plaintiff–Appellant,**

v.

**Mary BERGHUIS, Warden, et al., Defendants–Appellees.**

No. 01–2464.

United States Court of Appeals, Sixth Circuit.

March 28, 2002.

Before KENNEDY and BOGGS, Circuit Judges; COFFMAN, District Judge.*

*ORDER*

Kevin Hayes, also known as Kenneth Beverly, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Hayes filed a complaint against Mary Berghuis, warden of the E.C. Brooks Correctional Facility ("ECB"), Hayes's former place of confinement; and the following employees of ECB: Matthew Brevard, grievance coordinator; Ron Baker, sergeant; Lola Murray, sergeant; and David Ressler, resident unit officer. Hayes alleged that on November 23, 1999, Ressler packed his personal and legal property for storage due to Hayes's impending transfer from ECB the next day. Hayes returned to ECB on January 19, 2000, and was informed by Baker on January 21, 2000, that his personal and legal property could not be located. Hayes filed a grievance regarding his missing property, which was denied on a technicality by Brevard. On February 9, 2000, Hayes filed another grievance regarding his missing property. At the Step II level, Berghuis responded to Hayes's grievance, informing him that he is entitled to submit a claim for his lost property to the Inmate Benefit Fund and that his request for compensation would be sup-

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ported "at the Step II level." In March 2000, some of Hayes's legal documents were found in the possession of another prisoner and returned to Hayes by Murray.

The defendants filed a motion for summary judgment, to which Hayes responded. The district court granted the defendants' motion and dismissed the case. Hayes's motion for reconsideration was subsequently denied. Hayes has filed a timely appeal.

■ Initially, we decline the defendants' invitation to dismiss this case based upon Hayes's failure to exhaust administrative remedies. Although this court has held that exhaustion of administrative remedies must occur prior to filing a federal lawsuit and not during the pendency of the lawsuit, *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999), this court has also refused "to dismiss an action on exhaustion grounds where the administrative grievance process was only completed during the pendency of the appeal, finding that it would unduly expend judicial resources to do so." *Curry v. Scott*, 249 F.3d 493, 502 (6th Cir.2001).

Under the circumstances of this case, we choose to review the merits of Hayes's complaint. Hayes diligently pursued his administrative remedies through all three steps of the grievance process. Hayes's step III appeal, filed on March 31, 2000, did not receive a response until August 10, 2000, seven days after Hayes had filed the instant action, and the defendants admit that the Michigan Department of Corrections "completed the grievance process 90 days late." The district court has also considered the merits of the claims raised in Hayes's complaint. Moreover, Hayes's grievances sufficiently identified Ressler and Baker. While Hayes's claims against Berghuis, Brevard, and Murray were not exhausted because these defendants were not named in Hayes's grievances and

Hayes's claims against them could not readily be ascertained from the grievances, *see id.* at 504–05, exhaustion is not necessary because Hayes failed to state a claim for relief against these particular defendants. *See* 42 U.S.C. § 1997e(c)(2).

■ Upon de novo review, we conclude that the district court properly granted summary judgment in favor of the defendants. *See Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Hayes's right of access to the courts was not violated by the loss of his personal property. Hayes did not allege that he was denied the opportunity to present any claims in court or *that his access to the courts was obstructed or impeded by the defendants.* Hayes also failed to allege that the defendants prevented him from pursuing a legitimate legal claim because he failed to show that the state trial court would have granted his motion for resentencing had he possessed the documentation in question. *See Lewis v. Casey*, 518 U.S. 343, 350–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir.1995).

■ Hayes's complaint failed to state a claim for relief against Berghuis and Murray because he failed to allege that Berghuis and Murray were either personally responsible for or knowingly acquiesced in any unconstitutional conduct. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). The theory of respondeat superior cannot provide the basis for liability in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir.1996).

■ Hayes failed to allege a due process claim based upon the loss of his personal property. *See Zinermon v. Burch*, 494 U.S. 113, 136–39, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68

L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Copeland,* 57 F.3d at 479. A state post-deprivation remedy is available to Hayes and he has not shown that such remedy is inadequate. *See Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland,* 57 F.3d at 479; *Brooks v. Dutton,* 751 F.2d 197, 199 (6th Cir.1985).

Hayes's claims for injunctive and declaratory relief are moot in light of his transfer from ECB to the Michigan Reformatory following the filing of the instant action. *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.