Patricia A. JOHNSON,
Plaintiff-Appellant,

v.

Theodore C. GRANHOLM, Michael F. Lund, David F. Tibbetts & Montmorency County Board of Commissioners, Defendants-Appellees.

No. 80–1229.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 8, 1981.

Decided Nov. 6, 1981.

Rehearing Denied Jan. 18, 1982.

Frances McIntyre-Leonard, Detroit, Mich., for plaintiff-appellant.

E. Dan Stevens, Atlanta, Mich., for defendants-appellees.

Before WEICK, LIVELY and MARTIN, Circuit Judges.

PER CURIAM.

The plaintiff appeals from judgment for the defendants in an action for damages pursuant to 42 U.S.C. § 1983. The defendants were two former friends of the court, the prosecuting attorney and the board of commissioners of Montmorency County, Michigan. The claim for damages was based on the manner in which the individual defendants had dealt with the failure of plaintiff's former husband to make child support payments as ordered in a divorce decree. Damages were sought from the county board of commissioners solely on the ground that it was the employer of the individual defendants.

**450**

The district court granted summary judgment in favor of all defendants. It held that the two friends of the court and the prosecuting attorney are entitled to quasi-judicial immunity and that the board of commissioners may not be held liable on the basis of *respondeat superior.* We agree and affirm.

■ Even if the county board of commissioners was the employer of the individual defendants (a matter in dispute) the board would not be liable in damages for their actions in the absence of a showing that the acts complained of were taken by the individual defendants pursuant to a "policy or custom" of the municipal body. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). There was no such showing in the present case.

■ A public prosecutor is absolutely immune from a claim for damages based upon his official actions performed within the scope of his duties. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The defendant Tibbetts was entitled to this immunity in the present case. A similar immunity attaches to the activities of other public officials who perform quasi-judicial duties. *Denman v. Leedy*, 479 F.2d 1097 (6th Cir. 1973). Our examination of the Michigan statutes which prescribe the duties and responsibilities of friends of the court leads us to the conclusion that the acts of the defendants Granholm and Lund which form the basis of the plaintiff's claims were performed by these defendants within the scope of their official quasi-judicial duties. Therefore, they were also entitled to immunity.

The judgment of the district court is affirmed.