798 F.2d 469
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tony B. FROST, Plaintiff-Appellant,
v.
George E. PATTISON, Defendant-Appellee.
 No. 85-3372.
 United States Court of Appeals,
Sixth Circuit.
 June 4, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, circuit Judges.
 
 ORDER
 
 1
 Tony B. Frost timely filed this pro se appeal from the April 30, 1985, order of the district court dismissing his civil rights complaint. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Frost, a prisoner, brought this action pursuant to 42 U.S.C. 5 1983 against the Prosecuting Attorney of Clermont County, Ohio, seeking injunctive relief and damages allegedly arising out of his current incarceration. Specifically, Frost alleges that in December, 1982, he was arrested in Kentucky on outstanding warrants from both Kentucky and Ohio for forgery and bad checks. While in custody in Kentucky, two Ohio police officers informed him of the charges in Ohio, advised him of his rights, and requested him to waive extradition to ohio, which he did. Frost also made a written statement regarding the Ohio charges and requested a speedy disposition of those charges. Frost subsequently received copies of the Ohio detainers. In September, 1983, Frost was released by the Kentucky Department of Corrections and was allowed to return to his residence in Fort Worth, Texas. On October 11, 1984, Frost was arrested at his Texas residence pursuant to the Ohio detainer warrants and he was returned to prison in Ohio where he is currently confined.[1] Claiming speedy trial violations, Frost sought monetary damages for, inter alia, his loss of employment and the time spent in custody, and an injunction barring the defendant from taking any further action against him. The district court granted in forma pauperis status and authorized the filing of the complaint. The court then construed that portion of Frost's complaint seeking to bar prosecution in Ohio as a habeas corpus application under Preiser v. Rodriguez, 411 U.S. 475 (1973), and dismissed the claim, without prejudice, for failure to exhaust remedies. Frost's damages claim was determined to be frivolous and was dismissed pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 The district court may sua sponte dismiss an in forma pauperis complaint pursuant to 28 U.S.C. Sec. 1915(d), if satisfied that the action is malicious or frivolous (Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985) ), and if the court explicitly relies on 5 1915(d). Harris v. Johnson, --- F.2d ---- (6th Cir.) Slip Op. No. 84-1459 (February 24, 1986). Pro se complaints must be liberally construed, however, and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.' " Estelle v. Gamble, 429 U.S. 97, 106 (1976), quoting Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se complaint may be dismissed as frivolous "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Malone v. Colyner, 1710 F.2d 258, 261 (6th Cir. 1983).
 
 
 4
 As noted by the district court, an order barring prosecution of Frost in Ohio would result in his release from confinement, therefore, his claim must be construed as an application for habeas corpus relief, which requires exhaustion of state court remedies. Because there has been no exhaustion, the court correctly dismissed Frost's claim for injunctive relief. 28 U.S.C. Sec. 2254(c); Preiser v. Rodriquez, supra; Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985).
 
 
 5
 Frost's claim for damages is without merit. Even if the allegations in his complaint were true, public prosecutors acting within the scope of their duties in initiating and prosecuting criminal actions are absolutely immune from damage actions. Imbler v. Pachtman, 424 U.S. 409 (1976); Johnson v. Granholm, 662 F.2d 449, 450 (6th Cir.), cert. denied, 457 U.S. 1120 (1982). Under these circumstances, the district court correctly dismissed the complaint as frivolous.
 
 
 6
 Accordingly, it is ORDERED that the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(2).
 
 
 
 [1]
 At the time the complaint was filed, Frost was a prisoner in the Tarrant County, Texas jail