803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ABDULLAH SHABAZZ MUHAMMAD, Plaintiff-Appellant
v.
GERALDINE FORD, KATHLEEN DONAHUE, JEFFREY L. EDISON,
Defendants-Appellees.
 No. 86-1299.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1986.
 
 1
 BEFORE: LIVELY and MERRITT, Circuit Judges; TIMBERS, Senior Circuit Judge*
 
 ORDER
 
 2
 This pro se appeal was timely filed by Abdullah Muhammad from the March 20, 1986 order of the district court dismissing his civil rights complaint. This matter is currently before the court on Muhammad's motion to proceed in forma pauperis and his motion for appointment of counsel. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motions, the record, and Muhammad's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Muhammad, a Michigan state prisoner, brought this action pursuant to 42 U.S.C. Sec. 1983, against defendants Geraldine Ford, a Recorder's Court Judge, Kathleen Donahue, an assistant prosecutor, and Jeffery Edison, his defense attorney. He alleges that the state court officials violated his constitutional rights by adjourning his trial five times without his consent; that the prosecutor also withheld a letter from federal prison authorities regarding the expiration of his good time release date; and that he received ineffective assistance of counsel from his court appointed attorney. He requested the court to dismiss the indictment against him and to award him $75,000 per defendant for compensatory damages. On February 19, 1986, the district court granted Muhammad leave to proceed in forma pauperis. The district court then summarily dismissed the complaint on the ground it was frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 4
 The district court may sua sponte dismiss an in forma pauperis complaint pursuant to 28 U.S.C. Sec. 1915(d) if satisfied that the action is malicious or frivolous (Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985)) (per curiam), and if the court explicitly relies on Sec. 1915(d). Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986). Pro se complaints must be liberally construed, however, and "must be held to 'less stringent standards than formal pleadings drafted by lawyers."' Estelle v. Gamble, 429 U.S. 97, 106 (1976), quoting Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se complaint may be dismissed as frivolous "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). In this case it is clear from the complaint that Muhammad can prove no set of facts which would entitle him to Sec. 1983 relief. Defendant Ford is a judge who is absolutely immune from liability for damages for acts performed within the scope of her judicial functions. Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967).
 
 
 5
 Defendant Donahue is a prosecuting attorney who is also immune from damages liability where actions taken were within the scope of her duties in initiating and prosecuting criminal actions. Imbler v. Pachtman, 424 U.S. 409 (1976); Johnson v. Granholm, 662 F.2d 449, 450 (6th Cir.) (per curiam), cert. denied, 457 U.S. 1120 (1982). Finally, defendant Edison, the defense attorney, is not subject to liability under Sec. 1983 because an attorney conducting a criminal defense, whether he is retained or appointed, does not act under color of state law. Polk County v. Dodson, 454 U.S. 312 (1981). For these reasons, the district court correctly dismissed the complaint as frivolous.
 
 
 6
 It is, therefore, ORDERED that the motion to proceed in forma pauperis is denied since pauper status was accorded Muhammad in the district court (Rule 24, Federal Rules of Appellate Procedure); the motion for appointment of counsel is denied; and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Sixth Circuit Rules.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation