Richard P. BOONE, Plaintiff,

v.

Hollace B. WEIZEL, et al., Defendants.

No. 1:95 CV 2806.

United States District Court,
N.D. Ohio,
Eastern Division.

Jan. 23, 1996.

Richard P. Boone, Mansfield, OH, Pro Se.

## MEMORANDUM OF OPINION
## AND ORDER

NUGENT, District Judge.

On December 27, 1995, plaintiff *pro se* Richard P. Boone filed this *in forma pauperis* action under 42 U.S.C. § 1983 against Hollace B. Weizel, Thomas B. Masterson and Judge Kosma J. Glavas. In the complaint, plaintiff asserts that his court-appointed counsel denied his request for a copy of his transcripts. He further asserts that his friend was unable to purchase the transcripts because she could not afford the $2.15 per page fee. After plaintiff's direct appeal was denied, he filed a notice of appeal in the Ohio Supreme Court, but he was unable to "perfect" his claims without a transcript. His action was then dismissed from the Ohio Supreme Court for failure to file a timely memorandum in support of jurisdiction. Plaintiff subsequently filed an application to reopen his direct appeal, a post-conviction petition, a petition for a writ of mandamus, a motion for relief from judgment and several motions for his transcripts. Although he is awaiting a ruling on the petition for a writ of mandamus, all other requests for relief have been denied. For the most part, plaintiff attributes the denial of relief to his inability to obtain a complete transcript. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(d).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), the district court has discretion to dismiss an *in forma pauperis* claim as frivolous under section 1915(d).[1] A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). This action lacks an arguable basis in law.

It is well settled that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). There is no indication from the complaint that the judge acted outside the scope of his official duties; therefore, he is immune from liability.

Further, public officials acting in compliance with a judge's instruction enjoy the same immunity. *Johnson v. Granholm*, 662 F.2d 449 (6th Cir.1981) (per curiam), *cert. denied*, 457 U.S. 1120, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982). There are no facts alleged to suggest that the court reporter failed to provide portions of the transcripts other than what was requested by Boone's counsel or directed by the court. Moreover, the court reporter is not required to provide an additional copy of plaintiff's transcripts free of charge without an order from the court.

As regards plaintiff's claim against Weizel, in *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

Boone does not meet the threshold requirement in *Parratt*. A criminal defense attorney who acts in that capacity on behalf of a criminal defendant does not act under color of state law. *Polk County v. Dodson*,

---

1. The court ... may dismiss the case ... if satisfied that the [*in forma pauperis*] action is frivolous or malicious.

A frivolous *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(d) and is dismissing the complaint as frivolous. *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 788, 88 L.Ed.2d 767 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir.1985).

454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir.1976).

Finally, the Supreme Court has specifically held that there is no constitutional necessity, at least absent a showing of particularized need, to provide a free transcript to a prisoner who requests it in order to prepare a post-conviction motion. *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).

■ In addition to the fact that he is not entitled to free transcripts at this juncture, plaintiff may not use section 1983 to attack his conviction collaterally and thereby circumvent the 28 U.S.C. § 2254 requirement that he exhaust his state court remedies before doing so. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In a § 1983 case in which the plaintiff sought an injunction against a state trial judge and others based on the alleged falsification of his trial transcript, the Seventh Circuit Court of Appeals observed: "[A]s [plaintiff] wants an injunction under section 1983 *solely* in order to facilitate his attack on his conviction, the suit is ancillary to his post-conviction proceeding, and hence is an improper use of the civil rights statute." *Scruggs v. Moellering*, 870 F.2d 376, 379 (7th Cir.1989) (emphasis in original).

Accordingly, this action is dismissed under section 1915(d). The court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

### JUDGMENT ENTRY

This Court having contemporaneously filed its Memorandum of Opinion in this case, it is therefore ORDERED that this action is dismissed pursuant to 28 U.S.C. § 1915(d). Further, the Court CERTIFIES pursuant to

**2.** 28 U.S.C. § 1915(a) provides, in pertinent part:

28 U.S.C. § 1915(a) that an appeal from this decision could not be taken in good faith.

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.