CONDIT et al., Appellants,

v.

PLANNED PARENTHOOD ASSOCIATION OF CINCINNATI;
Hamilton County et al., Appellees.

[Cite as *Condit v. Planned Parenthood Assn. of Cincinnati* (1997), 118 Ohio App.3d 384.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960126.

Decided Feb. 26, 1997.

*Thomas W. Condit*, for appellants.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip L. Zorn, Jr.*, Assistant Prosecuting Attorney, for appellees Hamilton County, Board of County Commissioners of Hamilton County, Simon L. Leis, Lincoln Stokes, Daniel Wolfangel, and Daniel Losito.

*Fay D. Dupuis*, City Solicitor, and *Julie F. Bissinger*, Assistant City Solicitor, for appellees city of Cincinnati, Lawrence E. Whalen, Donald Hudson, and Daniel Cain.

---

*Per Curiam.*

Appellants appeal the trial court's judgment granting appellees' motions for summary judgment and motions to dismiss. Because we conclude that none of appellants' assignments of error is well taken, we affirm the judgment of the trial court.

In January 1986, after Planned Parenthood Association ("Planned Parenthood") moved a clinic where abortions and other services are provided, protests at that location picked up. On March 28, 1986, Planned Parenthood filed a complaint seeking injunctive relief against various protesters. On June 20, 1986,

the trial court granted a preliminary injunction which defined the class and prohibited activities. On June 27, 1986, the trial court issued an order to the sheriff concerning the enforcement of the injunction on June 28, 1986. The trial court also requested that no arrests be made unless the alleged violation was photographed and an affidavit was signed. Later on that same day, Colonel Daniel Wolfangel of the Hamilton County Sheriff's Department met with attorneys representing Planned Parenthood. Wolfangel and the attorneys decided on guidelines to comply with the trial court's order on June 28. Sheriff's deputies would attempt to serve individuals with the injunction as they arrived at the site. Planned Parenthood staff members would videotape any violations and sign affidavits. On June 28, 1986, appellants were arrested for contempt of the trial court's order.

On June 26, 1987, appellants filed a complaint against appellees, Planned Parenthood, and various Planned Parenthood staff members,[1] alleging violations of Section 1983, Title 42, U.S.Code. On November 25, 1987, appellants filed a motion for the recusal of Judge Thomas Crush. The motion was denied. Upon motion of the appellees, claims of ten of the appellants were dismissed.[2] Cross-motions for summary judgment were filed by the remaining parties, and the trial court granted the appellees' motions for summary judgment.

In their first assignment of error, appellants state that the trial court erred in granting the appellees' motions for summary judgment. Appellants contend that neither the governmental appellees nor the individual appellees are entitled to immunity from the claims. We disagree.

 It is a well-settled principle that judges are extended immunity for acting in their official capacity. This immunity is forfeited only where a judge acts in the "clear absence of all jurisdiction." *Stump v. Sparkman* (1978), 435 U.S. 349, 356–357, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331, 339, citing *Bradley v. Fisher* (1871), 80 U.S.(13 Wall.) 335, 20 L.Ed. 646. In this case, Judge Crush did not act beyond his jurisdiction. This immunity extends to public officials who perform "quasi-judicial" functions. *Johnson v. Granholm* (C.A.6, 1981), 662 F.2d 449. In *Doe v. McFaul* (1984), 599 F.Supp. 1421, the United States District Court for the Northern District of Ohio, Eastern Division, recognized that the same rationale for judicial immunity applied to individuals "acting under the command of a court decree or explicit instructions from a judge." *Id.* at 1431,

---

1. Appellants' claims against the Planned Parenthood defendants were dismissed as part of a settlement of all litigation pending between appellants and Planned Parenthood.

2. The motions to dismiss were granted as to the claims of Rosemary Callahan, David Callahan, Michael O'Brien, Nancy O'Brien, Michael Meyer, Sara Meyer, Joanne Engel, Daniel Engel, John Parker, and Terry Parker.

citing *Henriksen v. Bentley* (C.A.10, 1981), 644 F.2d 852, 855. In this case, the propriety of extending immunity is enhanced by the fact that the order at issue has been held to be valid. We also note that appellants have not presented sufficient evidence that the appellees acted beyond the judge's order.

Appellants point to dicta in *Leatherman v. Tarrant Cty. Narcotics Unit* (1993), 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517, for the proposition that absolute or qualified immunity does not extend to the governmental entities. However, that case dealt with an action instituted against a municipality for alleged Fourth Amendment violations by police officers. The court did not address the issue of immunity which attaches to individuals and entities carrying out judicial orders.

Accordingly, we conclude that based on the reasoning of *McFaul*, the appellees are immune from Section 1983 liability as an extension of the judge's immunity.

We will consider appellants' next two assignments of error together. In their second assignment of error, the appellants assert that the trial court erred in not granting their motion for partial summary judgment. The third assignment of error [3] is that the trial court erred in granting appellees' motion to dismiss the claims of various appellants. Because we have concluded that the trial court properly granted appellees' motions for summary judgment based on appellees' immunity from Section 1983 liability, these assignments of error are moot.

Appellants' fourth assignment of error is that the trial court erred by denying appellants' motion for recusal. Because we have concluded that the trial court properly granted the motions for summary judgment, we are unable to conclude that any of the trial court's decisions were biased. Therefore, we conclude that the trial court did not err in denying the motion for recusal. The fourth assignment of error is not well taken.

We have determined that the first and fourth assignments of error are without merit. Further, the second and third assignments of error are moot. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., GORMAN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

**3.** We note that in appellants' brief, their last two assignments of error are misnumbered as the fourth and fifth assignments of error.