108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard D. BOONE, Plaintiff-Appellant,
v.
Hollace B. WEIZEL; Thomas B. Masterson; Kosma J. Glavas,
Defendants-Appellees.
 No. 96-3228.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1997.
 N.D.Ohio, No. 95-028060
 
 1
 N.D.Ohio, 917 F.Supp. 518.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 4
 Richard D. Boone appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking monetary, declaratory, and injunctive relief, Boone sued a private attorney, a court reporter, and a state court judge, alleging that the defendants had not provided him with a transcript of his state court criminal proceedings. The district court dismissed the complaint as frivolous. Boone has filed a timely appeal.
 
 
 6
 Upon review, we conclude that the district court properly dismissed the complaint as frivolous. This court reviews a district court's frivolity dismissal under 28 U.S.C. § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 7
 Boone's complaint lacks an arguable basis in law. Boone argues that the defendants violated his civil rights because they did not provide him with the trial transcript of his state court criminal conviction and, consequently, he could not properly prosecute his direct appeal. Boone cannot recover against the defendants without proving that he has been damaged by their alleged failure to furnish the transcript. If the result in the state appellate courts would have been the same if the courts had the benefit of a more complete transcript, Boone has not been damaged. Since a ruling on Boone's claim may render his conviction invalid, he does not state a cognizable claim under § 1983 until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, ----, 114 S.Ct. 2364, 2372 (1994). Regardless of the type of relief sought, the claim must be dismissed because it is simply not cognizable until the challenged conviction has been remedied by some other process. Id. at 2373.
 
 
 8
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation